**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julian Mora; and Julio Mora,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Joseph M. Arpaio, Sheriff of Maricopa County, Arizona, in his individual and official capacities; Captain Ray Jones, in his individual capacity; Lieutenant Joe Sousa, in his individual capacity; John Does I through IV, in their individual capacities; and Maricopa County, a body politic,<br><br>　　　　Defendants. | No. CV-09-1719-PHX-DGC<br><br>**ORDER** |

Plaintiffs commenced this action by filing a complaint against Defendants on August 19, 2009. Dkt. #1. Plaintiffs allege that on February 11, 2009, they were unlawfully detained during a workplace immigration raid by the Maricopa County Sheriff's Office. *Id.* ¶¶ 1-2, 18-47. The complaint asserts eight claims: violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, violations of Article 2, Sections 8 and 13 of the Arizona Constitution, false arrest and imprisonment, assault, battery, and intentional infliction of emotional distress. *Id.* ¶¶ 48-67.

Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #10. The motion has been fully briefed. Dkt. ##15, 16. For reasons that follow, the Court will deny the motion.

## I. The Doe Defendants.

Citing *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980), Defendants contend that the four Doe Defendants should be dismissed without prejudice because § 1983 claims may be asserted only against specifically known and named defendants. Dkt. #10 at 2-3. *Gillespie* made clear, however, that where the identity of defendants cannot be known prior to the filing of a complaint, the plaintiffs "should be given an opportunity through discovery to identify the defendants, unless it is clear that discovery would not uncover the identities[.]" 629 F.2d at 642; *see Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Plaintiffs allege that each Doe Defendant is a deputy or posse member with the Maricopa County Sheriff's Office who actively participated in the alleged unlawful detention. Dkt. #1 ¶¶ 12-15. Discovery will likely reveal the identities of the Doe Defendants. Dismissing the Doe Defendants without prejudice only to have Plaintiffs seek leave to rename them in an amended complaint would be a waste of time, money, and judicial resources. The Court will deny the motion to dismiss with respect to the Doe Defendants.

## II. The County's Liability Under § 1983.

Defendants argue that the § 1983 claims must be dismissed to the extent they seek to hold Maricopa County vicariously liable for the acts or omissions of its employees. Dkt. #10 at 3-4. Plaintiffs make clear that their § 1983 claims against Maricopa County are based not on the doctrine of respondeat superior, but on a theory of direct municipal liability. Dkt. #15 at 5. A fair reading of the complaint supports this interpretation of the § 1983 claims. *See* Dkt. #1 ¶¶ 2, 17, 38-44. The Court will deny the motion to dismiss with respect to the § 1983 claims.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Dkt. #10) is **denied**.
2. The Court will set a case management conference by separate order.

DATED this 28th day of October, 2009.

David G. Campbell
United States District Judge