Daniel J. Pochoda (SBA No. 021979)
dpochoda@acluaz.org
Anne Lai (SBA No. 330036*)
alai@acluaz.org
ACLU FOUNDATION OF ARIZONA
3707 N. 7th St., Ste. 235
Phoenix, AZ  85014
Telephone: (602) 650-1854
Facsimile:  (602) 650-1376
*Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

Cecillia D. Wang (admitted *pro hac vice*)
cwang@aclu.org
Andre Segura (*admitted pro hac vice*)
asegura@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
  IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Stephen M Ryals (admitted *pro hac vice*)
ryals@rblawstl.com
RYALS & BREED PC
3120 Locust St
St Louis, MO 63103
Telephone: (314) 862-6262
Facsimile: (314) 880-2027

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JULIAN MORA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH M. ARPAIO, et al., <br><br> Defendants. | No. CV 09-01719-PHX-DGC <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO FILE UNDER SEAL** <br><br> Judge: Hon. David G. Campbell |

Plaintiffs oppose defense counsel's Motion to Allow a Sealed Filing. [Doc. No. 109.] Defense counsel seeks permission to file a Motion to Withdraw as Counsel of Record under seal. Defense counsel has neither met the standard for sealing documents under Local Rule 5.6 nor overcome the First Amendment and common law presumption of access to court filings.

Under Local Rule 5.6, "any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal." Defense counsel simply states that there is a conflict between the insured Defendants and the county insurer, and that "given the nature of the conflict," the motion to withdraw should be filed under seal. Mot. at 2. This is not a sufficient statement of facts or legal authority to justify filing a document under seal, and as a result, Plaintiffs lack adequate information on which to even base their opposition to defense counsel's motion to seal.

The First Amendment and common law also prohibit this Court from granting defense counsel the relief sought. *Press Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984*); San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999) ("We have expressly recognized that the federal common law right of access extends to pretrial documents filed in civil cases."). There is a strong presumption of access to court filings that

> may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

*Press Enterprise Co.*, 464 U.S. at 510. The presumption of openness cannot easily be overcome, and Defense counsel has offered only inadequate, conclusory statements in support of closure.

The interest in not concealing defense counsel's documents is particularly compelling in this case involving a government entity and individual government actors. Justification for maintaining openness has been found in "in the citizen's desire to keep a watchful eye on the workings of public agencies, and in a newspaper publisher's intention to publish information concerning the operation of government." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978) (citations omitted); *California First Amendment Coalition v. Woodford*, 299 F.3d 868, 874 (9th Cir. 2002)

("This right of access is premised on the common understanding that a major purpose of [the First] Amendment was to protect the free discussion of governmental affairs." (citations omitted)).  Due to the lack of information provided by defense counsel in the moving papers, Plaintiffs cannot begin to assess the need for the instant request nor determine why a protective order is not sufficient.  Both Plaintiffs and the public have a right to this information.

Accordingly, defense counsel's motion should be denied.

By /s/ Andre Segura

Andre Segura
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
 IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

# CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2010, I electronically transmitted the attached PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO FILE UNDER SEAL using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Timothy J. Casey
> timcasey@azbarristers.com
> Schmitt Schneck Smyth & Herrod PC
> 1221 E Osborn Rd
> Ste 105
> Phoenix, AZ 85014-5540
>
> Randall R Garczynski
> garczynskir@mail.maricopa.gov
> Brad Keogh
> keoghb@mail.maricopa.gov
> Maricopa County Office of General Litigation Services
> 301 W Jefferson St
> Ste 3200
> Phoenix, AZ 85003

Dated:   September 17, 2010
         New York, NY

                              /s/ Molly Lauterback
                              Molly Lauterback